IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ROBERT JAMES GRANT, #10115-032                              PETITIONER

VS.                              CIVIL ACTION NO. 5:09-cv-149(DCB)(MTP)

BRUCE PEARSON                                               RESPONDENT

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, and the Answer filed thereto by the Respondent. Also pending are petitioner Robert James Grant ("Grant")'s Rule 50(a)(2) Motion for Judgment as a Matter of Law **(docket entry 18)**, Notice of Appeal from Magistrate Judge's Order **(docket entry 22)**, and Motion for Summary Judgment **(docket entry 24)**. Having carefully considered the pleadings and being fully advised in the premises, the Court finds as follows:

Following a jury trial in the United States District Court for the Eastern District of Kentucky, London Division, Grant was convicted of one count of manufacture of 100 or more marijuana plants and another count of felon in possession of firearms. See 2241 Petition, p. 2; Grant v. Stine, CA No. 6:07-179-DCR, 2007 WL 1520924 (E.D. Ky. May 23, 2007). Grant was sentenced as a career criminal on September 7, 2004, to a term of imprisonment of 262 months by Honorable Danny C. Reeves, Sentencing Judge. 2241 Petition, p. 2. In an earlier conviction, following a guilty plea, Grant had been convicted in the State of Michigan of vehicular

manslaughter and sentenced on October 30, 1990.  This conviction and sentence was one of three prior state convictions utilized to designate Grant as a career offender and to enhance his September 7, 2004, sentence.  See Memorandum in Support of 2241 Petition, pp. 1-2.  Grant has appealed his sentences through various filings pursuant to 28 U.S.C. §§ 2255, 2241, and 1631.  See Petitioner's Response to Court's Order of September 15, 2009.  Grant received no relief from any of his sentences as a result of these filings.

Title 28 U.S.C. § 2241 allows suit by confined persons who allege violations of law in the manner in which their sentence is being executed.  Generally, a section 2241 petition must be brought in the district where the inmate is incarcerated.  See 28 U.S.C. § 104(b)(3); 28 U.S.C. §§ 2241, 2242; Hajduk v. United States, 764 F.2d 795 (11th Cir. 1985).  However, in this case, Grant is actually seeking reduction of his sentence and not the manner of its execution by the Bureau of Prisons.

In an effort to have his sentence reduced by the enhancements in his sentence because he was designated a career criminal, Grant alleges, as grounds for relief, that pursuant to Begay v. United States, 553 U.S. 137 (2008), he is actually innocent of the career offender designation.  Grant alleges that pursuant to Begay, his unintentional and non-malicious vehicular manslaughter conviction as a result of driving under the influence of alcohol (DUI) no longer meets the requirements of a "Crime of Violence."  See

Memorandum in Support of 2241 Petition, pp. 4-7.

Grant filed the subject application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in an attempt to have his sentence altered. A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir. 1992). Here, however, the petitioner is actually challenging the validity of the sentence he received. It is well established that "Section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing." Ojo v. Immigration and Naturalization Service, 106 F.3d 680, 683 (5th Cir. 1997)(citing Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)).

Generally, a challenge to the validity of a sentence must be pursued in a section 2255 motion. Pack v. Yusuff, 218 F.3d 448, 451-452 (5th Cir. 2000). The Fifth Circuit Court of Appeals held in Pack that mere inability to satisfy the procedural requirements of section 2255 does not give rise to a right to proceed under section 2241. Id. at 452-53. Grant is seeking permission to proceed by way of section 2241. "[A] section 2241 petition that seeks to challenge a federal sentence or conviction - thereby effectively acting as a section 2255 motion - may only be entertained when the petition establishes that the remedy provided for under section 2255 is inadequate or ineffective." Id. at 452

3

(citing 28 U.S.C. § 2255).

The inability to meet the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), for second or successive petitions, is insufficient grounds for Grant to meet his burden. See Pack, 253 F.3d at 452-53 (citations omitted); Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000)(per curiam)(holding that successiveness does not make § 2255 ineffective or inadequate); Reyes-Requena v. United States, 243 F.3d 893, 902 (5th Cir. 2001) (citing Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999) (stating that the statute of limitations bar to a successive section 2255 motion, without more, is insufficient to demonstrate inadequacy or inefficacy)). More specifically, section 2255's "savings clause" applies to a claim of actual innocence that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense, and that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first section 2255 motion. Reyes-Requena, 243 F.3d at 904. Grant relies upon case law that has no retroactive application to his case; neither does he demonstrate that he was convicted of a nonexistent offense. Thus, his section 2241 petition does not fall within the savings clause of section 2255. See Wesson v. United States Penitentiary, Beaumont, TX, 305 F.3d 343, 347-48 (5th Cir. 2002).

Grant's claim is also barred by the gatekeeping requirements of the AEDPA. Those gatekeeping provisions provide that a "second or successive motion must be certified ... by a panel of the appropriate court of appeals to contain ... a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255. See also Padilla v. United States, 416 F.3d 424, 426 (5th Cir. 2005)(citing Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999)). Grant has not obtained such permission from the appropriate court of appeals to file a successive section 2255 motion, and should he obtain such permission, the successive section 2255 motion should be filed in his sentencing court, the Eastern District of Kentucky, and not this Court. Further, even assuming Begay stated a new rule of constitutional law, Begay does not apply retroactively. Therefore, this Court lacks jurisdiction to review Grant's section 2241 petition. Accordingly,

IT IS HEREBY ORDERED that petitioner Robert James Grant's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is dismissed for lack of jurisdiction;

FURTHER ORDERED that the petitioner's Rule 50(a)(2) Motion for Judgment as a Matter of Law **(docket entry 18)**, Notice of Appeal from Magistrate Judge's Order **(docket entry 22)**, and Motion for Summary Judgment **(docket entry 24)** are DENIED AS MOOT.

A final judgment dismissing this action with prejudice shall

5

follow.

SO ORDERED, this the 6th day of May, 2010.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE